**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BRENDA TYLER LEE, ANNIE BELL FIELD, DENISE**
**COATES, MARY ANN WATSON, KATIE CLARK, DOROTHY**
**FORMAN, ANGELA BRADY, NICOLE WUESTENHOEFER AND**
**EX REL, THE UNITED STATES DEPARTMENT OF HOUSING**
**AND URBAN DEVELOPMENT (HUD)**                                   **PLAINTIFFS**

**VS.**                                                 **NO. 4:12-CV-00023-MPM-JMV**

**SOUTH DELTA REGIONAL HOUSING AUTHORITY,**
**A Mississippi Corporate Body Politic and Subdivision of the State**
**Of Mississippi; WASHINGTON COUNTY, a Mississippi Corporate Body**
**Politic and Subdivision of the State of Mississippi; SUNFLOWER**
**COUNTY, a Mississippi Corporate Body Politic and Subdivision of the State**
**of Mississippi; ISSAQUENA COUNTY, a Mississippi Corporate Body**
**Politic and Subdivision of the State of Mississippi; HUMPHREYS COUNTY,**
**a Mississippi Corporate Body Politic and Subdivision of the State of Mississippi;**
**BOLIVAR COUNTY, a Mississippi Corporate Body Politic and Subdivision**
**of the State of Mississippi; SHARKEY COUNTY, a Mississippi Corporate Body**
**Politic and Subdivision of the State of Mississippi; RAYMOND BROWN, in his**
**Individual representative capacity as a Board of Commissioner; LARRY**
**CORDELL, in his individual representative capacity as a Board of**
**Commissioner; ROBERT GRAY, in his individual representative capacity**
**as a Board of Commissioner; LEWIS DOUGLAS, in his individual representative**
**capacity as a Board of Commissioner; HOWARD SANDERS, in his individual**
**representative capacity as a Board of Commissioner; Unnamed Known and**
**Unknown Contractors, Employees, Agents and Third Parties,**                **DEFENDANTS**


<u>**ORDER**</u>

This cause comes before the court, on its own motion, directing that the plaintiffs file an

amended complaint which clearly sets forth their claims in this case.  This is a highly unorthodox

lawsuit in which several plaintiffs, who are described only as Delta residents in the complaint,

assert a variety of claims arising out of alleged corruption among the members of the South

Delta Regional Housing Authority ("South Delta"). In support of these allegations of corruption, they note that the former South Delta director Ann Jefferson was recently convicted in federal court of having, *inter alia*, embezzled money from South Delta accounts for her own personal benefit. *See U.S. v. Jefferson*, No: 4:11cr111 (N.D. Miss). Plaintiffs assert that this corruption continues among certain members of the South Delta Board of Commissioners who are named as defendants in this lawsuit.

This court does not minimize the seriousness of these allegations, and it does not rule out the possibility that it might appropriately play some role in addressing them. In order to reach that point, however, it will be incumbent upon plaintiffs to file a complaint which clearly sets forth, among other things, what claims they are asserting, why they have standing to assert them, and which also provides legal authority supporting the relief which they seek. From reading the complaint, it appears that plaintiffs adopted an approach of asserting every conceivable federal and state claim, in the hopes that one would "stick." The complaint makes extraneous reference to a laundry list of statutes with no real effort made to explain why they might serve as a basis for actual recovery. The complaint also makes reference to "counts" such as "corruption" and "breach of public trust" which do not appear to be causes of action at all, and it alleges claims such as "hostile work environment" which have no apparent connection to the plaintiffs in this case. Moreover, the complaint makes reference to federal RICO statutes, without even coming close to providing the specificity necessary to support actual RICO claims.

These are merely a fraction of the claims which are asserted, or at least mentioned, in the complaint, and it is frequently unclear whether the plaintiffs actually seek recovery under the claims which they mention. In addition, the plaintiffs initially named certain Mississippi

counties as defendants in this case, although they have moved to voluntarily dismiss those defendants after apparently recognizing that they have no legal basis whatsoever for asserting claims against them.[1]  This is typical of the "sue first and ask questions later" nature of the complaint in this case.  In seeking to dismiss these county defendants, plaintiffs clarify that the only relief which they are seeking in this case is for declaratory and injunctive relief, including the appointing of a court-ordered receiver.  This concession does, in fact, serve to greatly clarify the issues in this lawsuit, and it appears to moot many if not all of the qualified immunity and Eleventh Amendment defenses which were raised in a motion to dismiss which has recently been filed by defendants.[2]  This court will accordingly dismiss that motion without prejudice to refiling at a later date.

This court will also give plaintiffs one final chance to file a complaint which limits itself to actual causes of action which they have standing to assert and which are supported by specific allegations and authority.  In particular, the court directs that plaintiffs provide the court with authority indicating that other federal district courts have granted relief similar to that which they seek in this case.  This court is one of limited jurisdiction and authority, and it does not act unless it has been persuaded that it has the authority to grant the requested relief and that the

---

[1]The complaint asserted that these county defendants were "named herein for complete, full and adequate justice" since they had a "duty to appoint qualified members to the South Delta Board of Commissioners."  These claims border on the frivolous, and, if the plaintiffs had not voluntarily dismissed them at such an early stage of the litigation, sanctions would very likely have been in order.

[2]Generally speaking, the only reason to sue a governmental defendant in his individual (as opposed to official) capacity is to seek monetary damages against him.  Accordingly, if no such monetary damages are sought, then plaintiffs should either dismiss their claims against the individual defendants or be prepared to explain, potentially under pain of sanctions, why they did not do so.

plaintiffs are appropriate individuals to seek that relief. If plaintiffs are unable to provide such authority, then they would be well advised to consider dismissing this case outright.

Plaintiffs request that this court take a highly aggressive role in combating alleged corruption at South Delta, including by appointing a receiver to "restructure and reconstitute South Delta, from top to bottom." The restructuring and reconstitution of a local housing authority is an extraordinary remedy, and this court has not implemented a comparable remedy in any previous case. Moreover, it would arguably raise serious federalism concerns for this court to take such an aggressive role in remedying what appear to be generalized allegations of corruption in an entity which describes itself as an arm of the State of Mississippi.[3] Generally speaking, federal courts have been much more willing to intervene to protect rights arising under the U.S. Constitution and/or federal law, such as in cases involving racial discrimination. If plaintiffs are to prevail, it will be incumbent upon them to offer this court more than vague assertions of "breaches of the public trust" and explain exactly what federal statutes and/or case law support the recovery which they seek. Plaintiffs should also be prepared to explain why any alleged corruption at South Delta would not be best addressed by state and/or local governmental entities, including the counties which appointed the South Delta board members, and/or by the same U.S. Attorneys who successfully prosecuted Ms. Jefferson.

---

[3]This court does not address, at this juncture, whether South Delta is, in fact, an arm of the state for Eleventh Amendment immunity purposes, since it is not clear what claims plaintiffs will assert in any amended complaint. If South Delta is an arm of the state, then the Eleventh Amendment would bar plaintiffs from seeking even prospective injunctive relief against it based on their pendent state claims, *see Pennhurst State Sch. v. Halderman*, 465 U.S. 89 (1984), and they would instead be required to show that any request for injunctive relief is based upon federal law. In their motion to dismiss, defendants assert in conclusory fashion that South Delta is an arm of the state, but they provide the court with no authority or even arguments indicating that such is the case.

4

The plaintiffs have already cost themselves a great deal of credibility with this court through their filing of such a defective initial complaint, and they face an uphill battle in seeking to recover from such a poor start to this lawsuit. This court will grant plaintiffs an opportunity to do so, but they should be aware that they will be given no further second chances in this regard.

In light of the foregoing, the court directs that the plaintiffs file an amended complaint in this matter. The defendants' motion to dismiss [24-1] which was filed based upon the initial complaint is hereby dismissed as moot, without prejudice to re-filing at a later date. Plaintiffs' motion [34-1] to dismiss their claims against the county defendants is granted, and their motion [3-1] for the appointment of a court-ordered receiver is dismissed without prejudice, pending their filing of an amended complaint.

**SO ORDERED** this 16th day of May, 2012.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**